## HENRY FISHBACK *v.* SULLIVAN & BURTON.

**Real Estate Conveyance—Representations—Relief.**

Where two grantors being children of an intestate from whom they inherited land, sell and convey the same to an innocent purchaser, and represent to him that a third heir, who would have an interest in the land if living, is in fact dead, when he is alive, such purchaser is entitled to a credit of one-third of the purchase price and should be allowed to retain it as indemnity against the claim of the absent heir, or else to have the contract of purchase rescinded.

APPEAL FROM BOURBON CIRCUIT COURT.

March 11, 1875.

OPINION BY JUDGE LINDSAY:

The deed of conveyance from Julia O'Bryan and John F. O'Bryan, purports to convey to Fishback the fee simple title to the whole of the tract or parcel of land therein described.

Fishback swears, and all the testimony touching that subject tends to show, that at the time he accepted the deed it was represented to him that O'Bryan, who, if alive, is one of the heirs at law of Mrs. Honey, was then dead, or that he had been absent from the state, and had not been heard from for more than seven years. Fishback avers in his cross-petition that neither of these statements were true; that Michael O'Bryan is still alive, and hence that he acquired,

under the conveyance, title to only two-thirds of the parcel of land. He further asserts, and there is nothing proved to the contrary, that he purchased the land and paid out his money, in good faith, and without notice of the alleged frauds, by and through which Mrs. Honey became invested with the title. He prayed either that he be credited by one-third of the purchase price agreed to be paid, and allowed to retain it as indemnity against the claim of Michael O'Bryan, or else that the contract of purchase be rescinded upon equitable terms. ·

It is proved that both the grantors in the deed are insolvent. It is not proved that Michael O'Bryan is dead, nor that he has been absent from the state, without being heard from for more than seven years. It is evident that appellees, Sullivan and Burton, both believe that he is still alive, as they each made him a party to their action, and proceed against him by constructive service of process. In such a state of case it is manifest that Fishback is entitled to some character of relief. If the appellees, Sullivan and Burton, see proper to permit the sale by the two O'Bryans to Fishback to stand, then they cannot object to allowing him credit for the one-third of the amount agreed to be paid for the whole property, they being allowed to subject the remainder of the purchase money, and also the one undivided one-third of the realty, to the payment of their claims.

If they insist on subjecting the whole property, then they must allow Fishback to have a rescission of the contract of purchase, and consent that after satisfying such rents as may have accrued against him, he shall have judgment for the amount paid on the purchase, with interest, and that he shall have a prior lien on a two-thirds undivided interest in the property to secure the payment of his claim.

There is not a shadow of doubt that the property was purchased and paid for, to the extent that the amount agreed to be paid to Clay was satisfied by the debtor, Honey, and that he caused it to be conveyed to his wife to protect it against the claims of his creditors. The right of appellees to subject it, or its proceeds, to the payment of their claims, cannot, therefore, be questioned, but in enforcing their rights, they cannot disregard the rights of Fishback, who, as before stated, is an innocent purchaser.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*Thomas Kennedy, for appellant.*
*R. H. Hanson, Paton, for appellees.*